UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER HUDSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:22-cv-02269-JPH-MPB |
| ERIC J. HOLCOMB, et al., | ) |
| Defendants. | ) |

**Order on Multi-Plaintiff Litigation,
Addressing Motions for Leave to Proceed *In Forma Pauperis*,
and Directing Further Proceedings**

The complaint that initiated this civil rights action pursuant to 42 U.S.C. § 1983, filed on November 23, 2022, names three plaintiffs in the caption. Dkt. 4. Plaintiffs Hudson, Walker, and Dale are Indiana Department of Correction inmates at Pendleton Correctional Facility. The plaintiffs allege that they have been injured from showering, drinking, and consuming contaminated water that has legionella and other bacteria due to old lead piping at the facility. *Id.*

Part I of this Order addresses certain aspects of multiple plaintiff litigation.

Part II addresses the plaintiffs' individual motions for leave to proceed *in forma pauperis*. The motion at dkt. [6] is **granted**. The motions at dkts. [7] and [8] are **denied as presented**.

**I. Multiple Plaintiff Litigation**

While multiple plaintiffs may join in an action under Federal Rule of Civil Procedure 20, the Court must "alert prisoners" to the downsides of proceedings

in joint litigation with other prisoners and "give them an opportunity to drop out" of the action. *Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004).

First, the plaintiffs in this case will in effect be paying separate filing fees for this matter. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) ("the PLRA modified this approach and obliges prisoners seeking to proceed *in forma pauperis* to pay one fee apiece."); *see also Boriboune*, 391 F.3d at 854-55. All plaintiffs have moved the Court for *in forma pauperis* status, and the Court addresses each plaintiff's motion in Part II below.

Second, each plaintiff risks that any claim deemed sanctionable under Federal Rule of Civil Procedure 11 could lead to sanctions for each plaintiff. *Boriboune*, 391 F.3d at 855-56.

Third, each plaintiff proceeding *in forma pauperis* incurs a "strike" under 28 U.S.C. § 1915(g) if the action is dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* This is significant because a prisoner who has accumulated three "strikes" has limited opportunities to proceed *in forma pauperis* in future civil cases.

**The Court instructs each plaintiff to consider the following points:**

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found warranted in any aspect of the case.

- If he proceeds *in forma pauperis*, he will incur a strike if any claim contained in the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In view of these challenges, each plaintiff shall have **through January 6, 2023, to notify the Court** whether he would like to voluntarily dismiss this action without prejudice. Otherwise, he will continue to proceed as a joint plaintiff.

## II. Motions for Leave to Proceed *In Forma Pauperis*

If the plaintiff has been assessed an initial partial filing fee, once this fee is paid, each plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to each individual plaintiff and the plaintiff's custodian, and the Court will screen the complaint in accordance with 28 U.S.C. § 1915A.

### A. Plaintiff Christopher Hudson

Plaintiff Hudson has been assessed three strikes for filing at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim, which renders a plaintiff ineligible to proceed *in forma pauperis*

by 28 U.S.C. § 1915(g).[1] In order for Plaintiff Hudson to get around the three-strikes barrier and to proceed *in forma pauperis*, he must assert that he is in imminent danger of serious physical injury as implicated by the allegations in his complaint. To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Based upon the allegations in the complaint, that the plaintiffs have been and continue to be injured from the contaminated water at the facility, the Court finds that Plaintiff Hudson has met the imminent danger requirement of 28 U.S.C. § 1915(g), and therefore, considers his motion for leave to proceed *in forma pauperis*.

Plaintiff Hudson's motion for leave to proceed *in forma pauperis*, dkt. [6], is **granted to the extent** that he is assessed an initial partial filing fee of Twenty-Four Dollars and Sixty-Eight Cents ($24.68). *See* U.S.C. § 1915(b)(1). Plaintiff Hudson shall have **through January 6, 2023**, in which to pay this sum to the clerk of the district court.

**B. Plaintiff Jasean Dale**

Plaintiff Dale's motion for leave to proceed *in forma pauperis*, dkt. [7], is **denied as presented** because he did not attach a statement of his inmate trust account transactions as required by 28 U.S.C. § 1915(a)(2). Plaintiff Dale shall have **through January 6, 2023, to either pay the $402.00 filing fee or to**

---

[1] Plaintiff Hudson was notified of the Court's three strike assessment on June 3, 2013, in *Hudson v. Superintendent Finnon, et al.*, cause number 1:13-cv-00842-TWP-TAB.

**renew his motion** for leave to proceed *in forma pauperis* by filing a statement of his inmate trust account transactions for the previous six months.

### C. Plaintiff Lucius Walker

Plaintiff Walker's motion for leave to proceed *in forma pauperis*, dkt. [8], is **denied as presented** because he did not attach a statement of his inmate trust account transactions as required by 28 U.S.C. § 1915(a)(2). Plaintiff Walker shall have **through January 6, 2023, to either pay the $402.00 filing fee or to renew his motion** for leave to proceed *in forma pauperis* by filing a statement of his inmate trust account transactions for the previous six months.

### III. Conclusion

In summary, the Court has discussed the downsides of multiple prisoner litigation in Part I of this Order. In view of these challenges, **each Plaintiff shall have through January 6, 2023, to notify the Court** if he would like to voluntarily dismiss this action without prejudice.

Plaintiff Hudson's motion for leave to proceed *in forma pauperis*, dkt. [6], is **granted to the extent** that he is responsible for remitting payment of the initial partial filing fee as outlined in Part II of this Order, **by January 6, 2023**. Failure to remit payment of the initial partial filing fee by this deadline may subject Plaintiff Hudson to dismissal from this action.

Plaintiff Dale's and Plaintiff Walker's motions for leave to proceed *in forma pauperis*, dkts. [7] and [8], are **denied as presented**. These Plaintiffs shall have **through January 6, 2023, to either pay the $402.00 filing fee or to renew their motions** for leave to proceed *in forma pauperis* by filing a statement of their

inmate trust account transactions for the previous six months. Failure to pay the full filing fee or to renew a motion for *in forma pauperis* status by this deadline, may subject these plaintiffs to dismissal from this action.

**SO ORDERED.**

Date: 12/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER HUDSON
120507
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only

LUCIUS WALKER
988734
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only

JASEAN DALE
283952
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
PENDLETON, IN 46064
Electronic Service Participant – Court Only